# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WAYNE SPIRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:16-CV-127 |
| | ) | |
| THE LANE CONSTRUCTION | ) | |
| CORPORATION, and | ) | St. Clair County, IL |
| AMEC FOSTER WHEELER | ) | Cause No. 15-L-708 |
| ENVIRONMENT & INFRASTRUCTURE | ) | |
| INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO:   The Honorable Judges of United States District Court, Southern District of Illinois

The Honorable Judges of the Circuit Court of St. Clair County, Illinois

Ken Halvachs, Attorney for plaintiff

COMES NOW defendant Amec Foster Wheeler Environment & Infrastructure, Inc., by and through its counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 files this Notice of Removal and in support, states:

1. On December 18, 2015 plaintiff filed a Complaint against this defendant and co-defendant The Lane Construction Corporation in the Circuit Court of St. Clair County, Illinois, alleging negligence and willful and wanton conduct. A copy of plaintiff's Complaint is included in the attached Exhibit A and is incorporated herein. This defendant was served with the Complaint on January 4, 2016.

2. Federal courts have "diversity" jurisdiction over any civil actions in which the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332. Complete diversity of citizenship exists in this case, within the meaning of 28 U.S.C.

§1332.  This case has an amount in controversy exceeding $75,000.  Thus, this case falls within the Federal Court's original jurisdiction pursuant to 28 U.S.C. §1332.

3. Plaintiff's Complaint alleges damages from a fall into a pipe well, including "severe and permanent injuries to his back, neck, shoulders, face and head.  Plaintiff also alleges that he was "severely and permanently injured, disabled and disfigured; was in the past compelled to expend and be liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his injuries, experienced great physical pain and mental anguish and as a result was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money…" (Complaint, Ex. 1, count I, ¶ 5, 7 and 9). Plaintiff's prayer includes money damages in excess of $50,000. (Complaint, Ex. 1). Significantly, plaintiff also alleges willful and wanton intentional conduct.  (Complaint, Ex. 1, Counts II and IV).

4. Plaintiff's allegations regarding damages are more than enough to denote more than $75,000 is in controversy.  See *Thompson v. Cottrell, Inc.*, No. 10-124-GPM, 2010 U.S. Dist. LEXIS 20847, at *4-6 (S.D. Ill. Mar. 8, 2010), citing *Andrews v. E.I. Du Pont De Nemours & Co.,* 447 F.3d 510, 514-15 (7th Cir. 2006) (holding that diversity jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $ 50,000" and alleged "severe and permanent" injuries); *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815 (7th Cir. 2006) (in a removed case arising from a slip-and-fall incident at a motel, holding that the minimum amount in controversy for purposes of federal diversity jurisdiction was satisfied where the plaintiff's medical expenses and lost earnings amounted to $ 45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 428-

29 (7th Cir. 1997) (holding the amount in controversy for diversity purposes was satisfied where the plaintiff's medical expenses amounted to $ 4,400 and the plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity"); *Anthony v. Security Pac. Fin. Servs., Inc.,* 75 F.3d 311, 317-18 (7th Cir. 1996) (punitive damages in a ratio of two or three times a plaintiff's actual damages properly can be reckoned into the amount in controversy); *Colon v. SmithKline Beecham Corp.,* Civil No. 09-1073-GPM, 2010 U.S. Dist. LEXIS 544, 2010 WL 46523, at *2 (S.D. Ill. Jan. 5, 2010) ("[T]his Court routinely finds the amount in controversy to be satisfied in cases where plaintiffs allege 'severe and permanent personal injuries[.]'").

5. The federal diversity jurisdiction statute provides that a corporation is a citizen of its state-of-incorporation and "of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The 7th Circuit has applied the simplest test, known as the "nerve center" test, deeming corporations residents of any state in which the majority of its executive and administrative functions are performed. *See Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1985) ("The test in this circuit for principal place of business is 'nerve center,' . . . we look for the corporation's brain, and ordinarily find it where the corporation has its headquarters.").

6. The U.S. Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 92-92, 130 S. Ct. 1181 (2010) blessed the "nerve center" test of the Seventh Circuit and held:

> '[P]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters…

7. In this case, plaintiff is a resident and citizen of the State of Illinois (Plaintiff's Complaint, Ex. A, Count I, ¶ 1).

8. Plaintiff pled in his Complaint that co-defendant The Lane Construction Corporation is a Connecticut corporation authorized to conduct business in Illinois. (Ex. A, Count I, ¶ 2). The Lane Construction Corporation is in fact a Connecticut corporation. (See printout for Connecticut's Secretary of State's website, attached and incorporated herein as Exhibit B). The Lane Construction Corporation has its principal place of business in Connecticut. Further, the business addresses of The Lane Construction Corporation's principals (and many of their personal addresses) are in Connecticut. (See printout from Connecticut Secretary of State's website, attached and incorporated herein as Exhibit C). The Lane Construction Corporation's corporate headquarters is located in Cheshire, Connecticut. (See printout from The Lane Construction Corporation's website, attached and incorporated herein as Exhibit D).

9. Thus, for purposes of diversity of citizenship relative to this removal, The Lane Construction Corporation is a citizen of Connecticut.

10. This defendant, Amec Foster Wheeler Environment & Infrastructure, Inc. is headquartered and has its principal place of business in Alpharetta, GA. Moreover, this defendant Amec Foster Wheeler Environment & Infrastructure, Inc., is a Nevada corporation. (See printout from Nevada Secretary of State's website, attached and incorporated herein as Exhibit E). Moreover, as noted on Exhibit E, none of the defendant's officers listed on Exhibit E are located in Illinois. (Ex. E).

11. Thus, for purposes of diversity of citizenship relative to this removal, Amec Foster Wheeler Environment & Infrastructure, Inc. is a citizen of Nevada and Georgia.

12.     Therefore, all three parties are citizens of different states and the limit of $75,000 is met and remand is proper in this case.

13.     28 USC 1446(a) requires "a copy of all process, pleadings, and orders served upon such defendant or defendants in [this] action" to be filed with this notice.  Said documents are attached and incorporated herein as Exhibit A.

14.     The Notice is filed within 30 days after the service of Summons and Complaint and is therefore timely.

WHEREFORE, defendant Amec Foster Wheeler Environment & Infrastructure, Inc. herby removes this action from the Circuit Court for the Twentieth Judicial Circuit to the United States District Court for the Southern District of Illinois.

**DEFENDANT DEMANDS TRIAL BY JURY**

        NEVILLE, RICHARDS & WULLER, LLC

        By:  /s/  Lucas J. Dalton
            LUCAS J. DALTON #06286000
            5 Park Place Professional Centre
            Belleville, Illinois 62226
            (618) 277-0900
            FAX (618) 277-0970
            *Counsel for Defendant Amec Foster*
            *Wheeler Environment & Infrastructure, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 3, 2016, he electronically filed the above Notice of Removal with the Clerk of the Court using the CM/ECF system and also sent a copy, via USPS first class postage prepaid, to the following:

Kenneth Halvachs
Halvachs & Abernathy, LLC
5111 West Main Street

Belleville, IL  62226
khalvachs@abernathyfirm.com
*Attorney for Plaintiffs*

Christian Novak
Gordon & Rees
1 North Franklin, Suite 800
Chicago IL 60606
*Attorneys for The Lane Construction Corporation*

                                           NEVILLE, RICHARDS & WULLER, LLC

                                         By:  /s/  Lucas J. Dalton
                                                LUCAS J. DALTON #06286000
                                                5 Park Place Professional Centre
                                                Belleville, Illinois 62226
                                                (618) 277-0900
                                                FAX (618) 277-0970
                                                *Counsel for Defendant Amec Foster*
                                                *Wheeler Environment & Infrastructure, Inc.*