## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 15L708

Amount Claimed Greater than $50,000.00

| WAYNE SPIRES | THE LANE CONSTRUCTION CORPORATION and AMEC FOSTER WHEELER ENVIRONMENTAL & INFRASTRUCTURE, INC. |
|---|---|
| Plaintiff(s) | VS Defendant(s) |

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. Ronald J Abernathy _____ Code _____
Address 5111 West Main St
City Belleville, IL 62226 _____ Phone _____
Add. Pltf. Atty. _____ Code _____

**SUMMONS COPY**

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME C T Corporation System, c/o Amec Foster Wheeler Environmental & Infrastructure, Inc.
ADDRESS 208 South LaSalle Street
Suite 814
CITY & STATE Chicago, IL 60604

☐ A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20___ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, 12-18-20 15

Kahalah _____ Clerk of Court
BY DEPUTY _____

SEAL

DATE OF SERVICE: _____ 1-4 20 16
(To be inserted by officer on copy left with defendant or other person)

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

WAYNE SPIRES, )
)
    Plaintiff, )
)
v. ) Case No. 15-L-708
)
THE LANE CONSTRUCTION CORPORATION, )
and AMEC FOSTER WHEELER )
ENVIRONMENT & INFRASTRUCTURE, INC., )
)
    Defendants. )

FILED
ST. CLAIR COUNTY
DEC 18 2015
CIRCUIT CLERK

## NOTICE OF ATTORNEY'S LIEN

TAKE NOTICE that, pursuant to 770 ILCS 5/1, Plaintiff's attorneys, Halvachs & Abernathy, LLC, have a statutory lien upon any and all proceeds recovered in the above numbered cause of action. Pursuant to Illinois law, 770 ILCS 5/1, this lien shall attach to any verdict, judgment or order entered and to any money or property which may be recovered, on amount of such suits, claims, demands or causes of action, from and after the time of service of this notice.

Respectfully submitted,

HALVACHS & ABERNATHY, LLC

BY: _____
Kenneth L. Halvachs, # 06188276
Ronald J. Abernathy, Jr., #6295730
5111 West Main Street
Belleville, IL 62226
(618)235-0020/ Fax: (618)236-2728
**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

WAYNE SPIRES, )
)
    Plaintiff, )
)
v. ) Case No. 15-L-708
)
THE LANE CONSTRUCTION CORPORATION, )
and AMEC FOSTER WHEELER )
ENVIRONMENT & INFRASTRUCTURE, INC., )
)
    Defendants. )

## AFFIDAVIT ON DAMAGES

FILED
ST. CLAIR COUNTY
DEC 1 8 2015
41
CIRCUIT CLERK

The undersigned attorney, being duly sworn, deposes and states:

1. That he is the attorney for the Plaintiff in this case.

2. Based upon an investigation of the facts and circumstances of the negligence alleged in the complaint, and the damages sustained by the plaintiff, he reasonably believes the Plaintiff's cause of action exceeds FIFTY THOUSAND DOLLARS ($50,000.00).

Respectfully submitted,

HALVACHS & ABERNATHY, LLC

BY: _____
Kenneth L. Halvachs, # 06188276
Ronald J. Abernathy, Jr., #6295730
5111 West Main Street
Belleville, IL 62226
(618)235-0020/ Fax: (618)236-2728
**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| WAYNE SPIRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-L-708 |
| ) | |
| THE LANE CONSTRUCTION CORPORATION, ) | FILED |
| and AMEC FOSTER WHEELER ) | ST. CLAIR COUNTY |
| ENVIRONMENT & INFRASTRUCTURE, INC., ) | DEC 1 8 2015 |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, WAYNE SPIRES, by and through his attorneys, HALVACHS & ABERNATHY, LLC, and for his cause of action states as follows:

### COUNT I
### (Negligence as to Defendant, Lane Construction Corporation)

1. Plaintiff, Wayne Spires is a resident of Swansea, St. Clair County, Illinois.

2. The Defendant, The Lane Construction Corporation, is a Connecticut corporation, duly authorized to conduct business in the state of Illinois and operates a construction contracting company in Shorewood, Illinois.

3. On January 30, 2015, Plaintiff was employed as a laborer on a construction project and in the performance of his work duties was present at a levee remediation jobsite located in the vicinity of Davis Street Ferry Road and Bottom Road in East Carondelet, St. Clair County, Illinois.

4. At the aforesaid time and place, Defendant was present and providing general contracting services at the jobsite.

5. At the aforesaid time and place, while in the course of performing his assigned

duties, Plaintiff fell into a pipe well, created, installed and inspected at the direction or supervision of Defendant.

6. Venue is proper in St. Clair County, Illinois.

7. As a result of falling, Plaintiff sustained severe and permanent injuries to his back, neck, shoulders, face and head.

8. At all relevant times herein, as the general contractor, the Defendant owed Plaintiff a duty to exercise due care and to maintain a reasonably safe jobsite and failed to do so in one or more of the following respects:

   a. Failed to provide adequate or any warning regarding open holes on the jobsite.

   b. Failed to adequately inspect and maintain the jobsite in a safe manner.

   c. Negligently and carelessly failed to barricade or otherwise cordon off the open hole in a safe and proper manner;

9. As a direct and proximate result of the foregoing acts and omissions committed by Defendant, by and through its employees, Plaintiff was severely and permanently injured, disabled and disfigured; was in the past compelled to expend and be liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his injuries; experienced great physical pain and mental anguish and as a result was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff, Wayne Spires, prays judgment be entered jointly and severally against Defendant, The Lane Construction Corp., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of suit, which will fairly and reasonably compensate Plaintiff for his injuries.

## COUNT II
### (Wilful and Wanton as to Defendant, The Lane Construction Corporation)

NOW COMES the Plaintiff, WAYNE SPIRES, by and through his attorneys, HALVACHS & ABERNATHY, LLC, and for Count II of his cause of action states as follows:

10. Plaintiff hereby re-pleads and incorporates the allegations contained in Paragraphs 1-9 as if fully set forth herein and as and for his allegations as to Paragraph 10.

11. Defendant is guilty of one or more of the following acts or omissions amount to willful and wanton misconduct:

   a. Intentionally or with reckless disregard to Plaintiff, failed to provide adequate or any warning regarding open holes on the jobsite.

   b. Intentionally or with reckless disregard to plaintiff, failed to adequately inspect and maintain the jobsite in a safe manner.

   c. Intentionally or with reckless disregard to Plaintiff, failed to barricade or otherwise cordon off the open hole in a safe and proper manner;

12. As a direct and proximate result of the foregoing acts and omissions committed As a direct and proximate result of the foregoing acts and omissions committed by Defendant, Plaintiff was severely and permanently injured, disabled and disfigured; was in the past compelled to expend and be liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his injuries; experienced great physical pain and mental anguish and as a result was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff, Wayne Spires, prays judgment be entered jointly and severally against Defendant, The Lane Construction Corp., for a sum in excess of FIFTY THOUSAND

($50,000.00) DOLLARS, plus costs of suit, which will fairly and reasonably compensate Plaintiff for his injuries.

## COUNT III

**(Negligence as to Defendant, AMEC Foster Wheeler Environment & Infrastructure, Inc.)**

NOW COMES the Plaintiff, WANYE SPIRES, by and through his attorneys, HALVACHS & ABERNATHY, LLC, and for Count III of his cause of action states as follows:

13. Plaintiff hereby re-pleads and incorporates the allegations contained in Paragraphs 1-12 as if fully set forth herein and as and for his allegations as to Paragraph 13.

14. At the aforesaid time and place, Defendant was present and providing engineering and supervisory services at the jobsite.

15. Defendant owed a duty to Plaintiff to exercise reasonable care and caution and failed to and failed to do so in one or more of the following respects:

   a. Failed to provide adequate or any warning regarding open holes on the jobsite.

   b. Failed to adequately inspect and maintain the jobsite in a safe manner.

   c. Negligently and carelessly failed to barricade or otherwise cordon off the open hole in a safe and proper manner;

16. As a direct and proximate result of the foregoing acts and omissions committed by Defendant, by and through its employee, Plaintiff was severely and permanently injured, disabled and disfigured; was in the past compelled to expend and be liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his injuries; experienced great physical pain and mental anguish and as a result was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff, Wayne Spires, prays judgment be entered jointly and severally against Defendant, Amec Foster Wheeler Environment & Infrastructure, Inc., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of suit, which will fairly and reasonably compensate Plaintiff for his injuries.

### COUNT IV
### (Wilful and Wanton as to Defendant, Amec Foster Wheeler Environment & Infrastructure, Inc.)

NOW COMES the Plaintiff, WANYE SPIRES, by and through his attorneys, HALVACHS & ABERNATHY, LLC, and for Count IV of his cause of action states as follows:

17. Plaintiff hereby re-pleads and incorporates the allegations contained in Paragraphs 1-15 as if fully set forth herein and as and for his allegations as to Paragraph 17.

18. Defendant is guilty of one or more of the following acts or omissions amount to willful and wanton misconduct:

   a. Intentionally or with reckless disregard to Plaintiff, failed to provide adequate or any warning regarding open holes on the jobsite.

   b. Intentionally or with reckless disregard to plaintiff, failed to adequately inspect and maintain the jobsite in a safe manner.

   c. Intentionally or with reckless disregard to Plaintiff, failed to barricade or otherwise cordon off the open hole in a safe and proper manner;

19. As a direct and proximate result of the foregoing acts and omissions committed by Defendant, by and through its employee, Plaintiff was severely and permanently injured, disabled and disfigured; was in the past compelled to expend and be liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his injuries; experienced great physical pain and mental anguish and as a result was hindered and

prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff, Wayne Spires, prays judgment be entered jointly and severally against Defendant, Amec Foster Wheeler Environment & Infrastructure, Inc., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of suit, which will fairly and reasonably compensate Plaintiff for his injuries.

Respectfully submitted,

**HALVACHS & ABERNATHY, LLC**

BY: _____
Kenneth L. Halvachs, #06188276
Ronald J. Abernathy, Jr., #6295730
5111 West Main Street
Belleville, IL 62226
(618)235-0020/ Fax: (618)236-2728
khalvachs@abernathyfirm.com
rjabernathy@abernathyfirm.com
*Attorneys for Plaintiffs*